**C/M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  MARCUS TELESFORD,

                         Plaintiff,

                -against-

  MELINDA KATZ, District Attorney,
  CHRISTINA MAVRIKS, Assistant District
  Attorney, BRENDAN QUINONES,
  Assistant District Attorney,

                        Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

25-cv-6914 (BMC)

**COGAN**, District Judge,

*Pro se* plaintiff Marcus Telesford, incarcerated at the Otis Bantum Correctional Center on Rikers Island, brings this civil rights action against three Queens County prosecutors. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the reasons stated below, however, the Court dismisses the complaint.

## SUMMARY OF THE COMPLAINT

Plaintiff was arrested on November 14, 2024 for attempted murder.[1] As part of his case, plaintiff is charged with two counts of witness tampering under P.L. § 215.11 (third degree) and § 215.10 (fourth degree). Plaintiff alleges that the prosecutors, apparently without a judge, held a hearing under People v. Sirois, 92 A.D.2d 618, 459 N.Y.S.2d 813 (2d Dep't 1983), to determine if plaintiff had "intimidated the witnesses not to testify at the grand jury." The

---

[1] The Court takes judicial notice of the currently pending criminal case against plaintiff. *See* People v. Telesford, Ind. No. 72246-25/001 (Queens Cnty. Sup. Ct. Nov. 14, 2024). Plaintiff refers to a transcript from this case but did not include a copy with the complaint.

1

supposed judgeless hearing resulted in a finding that plaintiff had intimidated witnesses. Consequently, plaintiff contends that defendants violated his constitutional rights and seeks $4 million in damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Matson v. Bd. of Educ., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although all allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after Twombly, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the district court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also id. § 1915(e)(2)(B).

## DISCUSSION

It is unclear whether plaintiff sues defendants in their individual or official capacities, but it does not matter. To the extent plaintiff sues defendants in their individual capacities, his claims are barred by absolute prosecutorial immunity. See Burns v. Reed, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in

initiating a prosecution and in presenting the State's case.") (citations and internal quotation marks omitted); see also Van de Kamp v. Goldstein, 555 U.S. 335 (2009) (extending prosecutor immunity to failure to train or supervise prosecutors); Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [section] 1983" (citations omitted)).  Prosecutorial functions include "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas."  Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013).

Because the alleged wrongdoing occurred in their prosecutorial capacity, plaintiff's claims are barred by absolute prosecutorial immunity, and the claims are dismissed.  See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

To the extent plaintiff sues defendants in their official capacities, his claims are barred by sovereign immunity under the Eleventh Amendment.  See D'Alessandro v. City of New York, 713 F. App'x 1, 8 (2d Cir. 2017) ("if a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity.") (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993)).

In any event, plaintiff's claims are baseless.  A Sirois hearing is held when prosecutors allege that a defendant's tampering caused a witness's unavailability at trial.  People v. Cotto, 92 N.Y.2d 68, 75-76, 677 N.Y.S.2d 35, 39 (1998) ("[A]t a Sirois hearing, the People must demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused a witness's unavailability.").  If the court overseeing the Sirois hearing rules for the prosecution, "the defendant is precluded from asserting either 'the constitutional right of

3

confrontation or the evidentiary rules against the admission of hearsay in order to prevent the admission of the witness's out-of-court declarations.'" Id.

A Sirois hearing is not a prerequisite for charging a defendant with witness tampering. Rather, it is a prerequisite for "admitting statements not subject to cross-examination only where the requisite link between the defendant's misconduct and the witness's silence has been established." See People v. Kellum, 233 A.D.3d 1374, 1377, 225 N.Y.S.3d 406, 410 (3rd Dep't 2024).

In this case, ostensibly because he is charged with witness tampering, plaintiff contends that a Sirois hearing must have been held. But a Sirois hearing was not necessary to charge him with those offenses, and may never be necessary unless prosecutors seek to introduce at trial testimony "not subject to cross-examination" due to defendant's alleged tampering. See id.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed because it seeks damages against defendants who are immune from such relief. Any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case and mail a copy of this Order to plaintiff.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       December 22, 2025

4